RYNDA DEVELOPMENT COMPANY and ARLINGTON REALTY
COMPANY, complainants,

*v.*

AMELIA R. GLUCK et al., defendants.

[Decided July 15th, 1924.]

**Sale of Land—Quiet Title—Peaceable Possession—Mechanics'
Liens and Sale Thereunder—Photostatic Copy of Deed on
Record.**

On final hearing.

*Mr. C. Herbert Walker,* for the complainants.

*Mr. Michael J. Tansey,* for the defendants.

BACKES, V. C.

The amended bill is to quiet the title to land. The com-
plainants' allegation of peaceable possession is denied.

The proofs show that the Rynda Development Company,
owner, agreed, in writing, to sell the land—a building lot—
to the Chemtec Company, Inc., and let the purchaser into
possession for the purpose of building a house. The Chem-
tec company transferred its interest to, and agreed to build
the house for, Amelia R. Gluck, and partly built it. The
Rynda company thereupon negotiated with her as buyer, but
the deal was not consummated, each blaming the other for
the failure to conclude it. Materialmen filed mechanics'
liens, recovered judgments and sold the property under
special *fi. fas.* It was struck off to the Arlington Realty
Company, which refused to take title until it could be de-
termined what title it would get under the sheriff's deed.
The Arlington company, nevertheless, took possession of the

house, under permission of the Rynda company, over the protest of Mrs. Gluck.

Mrs. Gluck was last in lawful and peaceable possession. The Arlington company acquired no right to possession by its incomplete sheriff's sale purchase. The Rynda company's permission to take possession and the Arlington company's ouster of Mrs. Gluck did not vest a peaceable possession.

Actual peaceable possession, not a disputed possession under a claim of right of possession, is the jurisdictional test in actions under the statute. *Fittchauer* v. *Metropolitan Fire Proofing Co., 70 N. J. Eq. 429.*

The complainants have failed to meet the statutory requirement, and the bill will be dismissed, but without prejudice.

If the complainants will present a properly drawn bill charging that the defendant Gluck claims title to the property under the deed, the photostatic copy of which is on record, and that it is a cloud on the title, and prays that the original and photostatic copy be declared null and void, relief may be granted. I am satisfied that the original deed was never delivered and that the recorded copy is a fraud.